■ GERALD JOHNSON, an Infant, by HELEN JOHNSON, His Guardian ad Litem, et al., Respondents, v ST. LUKE'S HOSPITAL CENTER et al., Appellants. — Order, Supreme Court, New York County (Blyn, J.), entered April 24, 1981, directing that Drs. Gomez and Idriss appear for deposition within 90 days and that Dr. Cabantac be deposed with them, or if she cannot be located within six months from date of this decision, that counsel file an affidavit to that effect and defendant Cabantac be precluded from testifying unless she submits to a deposition within 10 days of commencement of trial of this action and that, after completion of defendant's deposition, plaintiffs be deposed, unanimously modified, on the law and in the exercise of discretion, to the extent of providing that Dr. Gomez be examined orally or by written interrogatories in Montana or, at plaintiffs' option, orally in New York 10 days before trial; the priority as directed by Special Term shall be observed, except that if plaintiff does not promptly examine Dr. Gomez in Montana, plaintiff shall be examined after defendants other than Dr. Gomez and Dr. Cabantac, if not located, and, as so modified, affirmed, without costs and disbursements. On this record, a sufficient showing of special circumstances is advanced justifying Special Term's discretionary act in according plaintiffs priority of examination. However, the nonresident defendant physician, Dr. Gomez, is entitled to a protective order to the extent that examination proceed in the State where he resides to avoid undue hardship. Such examination may be oral or by means of written interrogatories. If plaintiff chooses, such examination may be held in New York upon oral questions 10 days prior to trial. If plaintiffs choose to pursue this option and, in light of the difficulty in locating Dr. Cabantac, reason dictates that plaintiffs do not promptly examine Dr. Gomez and Dr. Cabantac,

then upon completion of the examination of the other defendants (Dr. Idriss and St. Luke's Hospital Center), plaintiffs shall be examined. To do otherwise might well frustrate defendants' endeavor to obtain pretrial examination of the plaintiffs. Concur — Ross, J. P., Lupiano, Silverman, Bloom and Lynch, JJ.